J-S64035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NATASHA RUIZ | |
| Appellant | No. 783 WDA 2014 |

Appeal from the Judgment of Sentence April 8, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000692-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 24, 2014**

Appellant, Natasha Ruiz, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following her jury trial convictions for simple assault, recklessly endangering another person ("REAP"), harassment, and criminal mischief.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. Appellant engaged in a physical altercation with another woman on January 30, 2013.  During the fight, a one-year-old bystander suffered minor injuries.  On February 12, 2014, a jury convicted Appellant of simple assault, REAP, harassment, and criminal mischief.

---

[1] 18 Pa.C.S.A. §§ 2701, 2705, 2709, 3304, respectively.

On April 8, 2014, the court sentenced Appellant to ten (10) days to twenty-three (23) months' imprisonment for the simple assault conviction. The court gave Appellant credit for thirteen (13) days of time served and granted immediate parole. The court also determined that the harassment conviction merged with the simple assault conviction for sentencing. For the REAP conviction, the court imposed a concurrent term of twelve (12) months' probation. For the criminal mischief conviction, the court ordered Appellant to pay costs. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on May 8, 2014. That same day, counsel filed a statement of intent to file a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to *Anders* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise her of her right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934

A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting *Commonwealth v. Townsend*, 693 A.2d 980, 982 (Pa.Super. 1997)).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor *McClendon*[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under *Anders,* the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and

---

[2] *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a thorough review of the record and concluded the appeal would be wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to pursue any additional points Appellant deems worthy of this Court's attention. In her *Anders* brief, counsel provides a summary of the facts and procedural history of the case.[3] Counsel refers to facts in the record that might arguably support the issue raised on appeal and offers citations to relevant law. The brief also provides counsel's conclusion that the appeal is wholly frivolous. Thus, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issue raised in the *Anders* brief:

_____

[3] We note that counsel's rendition of the procedural history is inaccurate. Nevertheless, this deficiency does not hamper our ability to conduct meaningful appellate review.

> WHETHER APPELLANT'S SENTENCE IS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE AND INCONSISTENT WITH THE OBJECTIVES OF THE PENNSYLVANIA SENTENCING CODE?

(***Anders*** Brief at 3).

Appellant contends the sentencing court failed to consider mitigating factors, including her genuine remorse and Appellant's lack of a prior criminal record. Appellant concedes her sentences fall within the standard range of the sentencing guidelines. Nevertheless, Appellant insists the court did not consider the factors set forth in 42 Pa.C.S.A. § 9721(b), including the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Appellant's rehabilitative needs. Appellant concludes the court abused its discretion by imposing a manifestly excessive sentence. Appellant's challenge is to the discretionary aspects of her sentence. ***See Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether

appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.[4]  *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).  "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision

_____

[4] Here, Appellant failed to raise her discretionary aspects claims at the sentencing hearing or in post-sentence motions.  Due to counsel's petition to withdraw, however, we proceed with our analysis of Appellant's issue.  *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (explaining *Anders* requires review of issues otherwise waived on appeal).

to **exceptional** cases.'" ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. ***Mouzon, supra*** at 435, 812 A.2d at 627. Nevertheless, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195

(1996) (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). **See also Commonwealth v. Kane**, 10 A.3d 327 (Pa.Super. 2010), *appeal denied*, 612 Pa. 689, 29 A.3d 796 (2011) (stating claim that sentencing court failed to consider factors set forth in 42 Pa.C.S.A. 9721(b) does not raise substantial question).

Instantly, Appellant's assertion that the court improperly weighed the mitigating factors does not raise a substantial question. **See Cruz-Centeno, supra**. Here, the court had the benefit of a PSI report. (**See** N.T. Sentencing Hearing, 4/8/14, at 9.) Therefore, we can presume the court considered the relevant sentencing factors. **See Commonwealth v. Tirado**, 870 A.2d 362, 366 n.6 (Pa.Super. 2005) (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). The court also imposed standard range sentences.[5] Thus, Appellant's sentences are presumptively valid. **See Cruz-Centeno, supra** (explaining that combination of PSI and standard range sentence, absent more, cannot

_____

[5] With a prior record score of zero (0) and an offense gravity score of four (4), the standard range for the simple assault conviction was restorative sanctions to three (3) months. Appellant's sentence of 10 days to 23 months for simple assault was in the standard range. With a prior record score of zero (0) and an offense gravity score of three (3), the standard range for the REAP conviction was restorative sanctions to one (1) month. Appellant's sentence of 12 months' probation (restorative sanctions) was also in the standard range.

be considered excessive or unreasonable). Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2014